IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No.   14-cv-01839-LTB-CBS

PATRICK SLAVIN,

       Plaintiff,

v.

USAA CASUALTY INSURANCE CO.,
GARRISON PROPERTY AND CASUALTY ASSOCIATION, and
GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY,

       Defendants.
_____

**ORDER**
_____

      Plaintiff Patrick Slavin brings this lawsuit against the captioned defendants for coverage under a homeowner's insurance policy. In addition to his breach of contract claim, he asserts common law and statutory bad faith claims. Now before me is Defendants' Motion to Dismiss USAA Casualty Insurance Company and Garrison Property and Casualty Association [Doc. # 22]. I have reviewed the motion, Mr. Slavin's response in opposition [Doc. # 23], and the reply [Doc. # 24]. Oral argument would not materially assist me in determining the motion. I have jurisdiction under 28 U.S.C. § 1332. As explained below, **I GRANT** the motion. The policy is clear that only Garrison Property and Casualty Insurance Company entered into a contract with Mr. Slavin, and Mr. Slavin has not alleged any basis for imposing liability on the other defendants.

**I. Background**

      The following facts are taken from Mr. Slavin's complaint. A storm in June 2012

damaged bricks on the front of Mr. Slavin's home in Parker, Colorado. Am. Compl. ¶¶ 1-3 [Doc. # 9]. Mr. Slavin alleges his home was "insured by Defendants" at the time. *Id.* ¶ 14. The bricks were manufactured by General Shale and are of the "Dover Cream" variety. *Id.* ¶¶ 9, 29. While General Shale no longer stocks Dover Cream bricks, it will manufacture them upon request. *Id.* ¶¶ 45, 50, 53. Mr. Slavin submitted a claim to Defendants and asked that the damaged bricks be replaced with Dover Cream bricks. *Id.* ¶ 20. Defendants have refused to pay for the Dover Cream bricks but instead propose to use "cheaper, mismatched brick." *Id.* ¶ 59.

Mr. Slavin alleges that "the insurance contract obligated Defendants to pay to repair the damaged areas with the same material that is currently on his home," *i.e.,* Dover Cream brick. *Id.* ¶ 1. Mr. Slavin also alleges various improprieties in Defendants' handling of his claim in connection with his bad faith counts. For example, he alleges Defendants misled him into believing that Dover Cream brick was unavailable and that the cheaper alternative they proposed would match his house. *Id.* ¶¶ 41-67. He further alleges that Defendants refused to explain how they calculated the value of his claim, and that they have destroyed relevant documents. *Id.* ¶¶ 68-77.

In their motion, Defendants—whom I will call USAA Casualty, Garrison Association, and Garrison Company—contend that only Garrison Company "has a contract with Plaintiff." Mot. at 3 [Doc. # 22]. Therefore, Defendants contend his claims against USAA Casualty and Garrison Association, which are apparently Garrison Property's predecessor company and parent company, respectively, fail as a matter of law. *Id.* To illustrate this point, Defendants have attached two pages of the insurance policy to their motion. *See id.* at Ex. A. In addition, the parties have jointly filed the entire policy as an attachment to the scheduling order. *See* Notice of Joint

Submission, Etc. [Doc. # 30]. Attached to the policy is an affidavit of a Garrison Company custodian of records who avers that the policy is an exact duplicate of the one referenced in Mr. Slavin's complaint. *See id.* at Ex. A.

## II. Law

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted). To survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

In deciding a defendant's motion to dismiss under Rule 12(b)(6), the court assumes that all of the plaintiff's well-pleaded factual allegations are true and views them in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 679; *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012). By contrast, the court does not accept legal conclusions as true. *Khalik v. United Airlines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 677). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements [of law] and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable. *Khalik*, 671 F.3d at 1191. In addition to considering the allegations contained within

the four corners of the complaint, "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

### III. Analysis

#### A. Breach of Contract Claim

The Court's jurisdiction in this case is based on diversity of citizenship, so I look to the law of the forum state, Colorado, to determine the elements of Mr. Slavin's causes of action. *Essex Ins. Co. v. Vincent*, 52 F.3d 894, 896 (10th Cir. 1995). To make out a breach of contract claim under Colorado law, a plaintiff must show (1) the existence of a contract; (2) that the plaintiff performed under the contract or was justified in not performing; (3) that the defendant failed to perform; and (4) resulting damages to the plaintiff. *Western Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992). The parties dispute only the first element at this juncture.

Mr. Slavin alleges he was "insured by Defendants under Policy No. 01862 98 01." Am. Compl. ¶ 14 [Doc. # 9]. In isolation, this would suffice as an allegation that a contract existed between Mr. Slavin and all three defendants. But I also look to the insurance policy itself because Mr. Slavin references it in his complaint, it is central to his case, and the parties—having jointly filed it—do not dispute its authenticity. *Jacobsen*, 287 F.3d at 941. The policy states that it "is a legal contract between you, the policyholder, and us, the Insurer." Garrison_Slavin_000006 [Doc. # 30-1]. The policy defines "you" to mean Mr. Slavin. *Id.* at 000004, 000007. It defines "us" to mean "the Company providing this insurance." *Id.* at 000007. The policy states that it "is issued by Garrison Property and Casualty Insurance Company." *Id.* at 000006.

Garrison Association is nowhere mentioned in the policy. And the only mention of USAA Casualty is a notation that Garrison Company is "a subsidiary of USAA Casualty Insurance Company." *Id.* While the policy contains the "USAA" logo, it explains that the logo is "a registered trademark of United Services Automobile Association," not a defendant in this case. *Id.* These facts establish that the policy is a contract between Mr. Slavin and Garrison Company only. Accordingly, I cannot simply "accept as true . . . [the] alleg[ations] that all three Defendants were parties to the insurance contract," as Mr. Slavin urges. Resp. at 8 [Doc. # 23].

Certainly there are circumstances in which contract liability can be imposed on one who is not a party to a contract. In this vein, Mr. Slavin contends in his opposition paper that "[a] parent corporation may be held liable for the wrongdoing of a subsidiary where the parent directly participated in the subsidiary's unlawful actions" and that "[d]iscovery in this case, starting with the parties' initial disclosures, will show that Defendants consistently represented themselves as USAA while stringing Mr. Slavin along and refusing to fulfill the insurance contract." *Id.* at 3-4. But Mr. Slavin makes no allegations to this effect in his complaint. Indeed, his allegations suggest that the liability of all of the defendants flows directly from the language of the policy. *See, e.g.,* Am. Compl. ¶ 19 [Doc. # 9] (quoting the policy and alleging that its "'replacement cost coverage' assures Mr. Slavin that Defendants will pay the cost, at the time of loss, of a new item 'identical to the one damaged, destroyed or stolen'"); *id.* ¶ 40 ("[T]he Insurance Policy specifically prohibits Defendants from deducting depreciation from the cost to replace Mr. Slavin's damaged property.").

Even in his opposition paper, Mr. Slavin has not suggested any basis for maintaining a contract claim against the other defendant in question, Garrison Association. Defendants note

that Garrison Association is a predecessor to Garrison Property and urge that Garrison Association "is not a distinct, extant corporate entity that can be sued." Mot. at 4-5 [Doc. # 22]. Mr. Slavin responds that Garrison Association "currently exists" and offers evidence suggesting this to be so. Resp. at 6 [Doc. # 23]. Whether or not Garrison Association exists is beside the point; even assuming it does exist, it is not mentioned anywhere in the policy and the complaint contains no allegations suggesting any other reason it would be liable under the policy. For example, there is no allegation that Garrison Association is an alias of Garrison Property, or that Garrison Association has assumed responsibility for Garrison Property's obligations through merger, acquisition, or otherwise.

Other courts have granted motions to dismiss contract claims under Rule 12(b)(6) where the defendant was not a party to the contract and the plaintiff did not plead any other basis for imposing contract liability. *See Johnson v. Affiliated Computer Servs., Inc.*, No. 310-CV-2333-B, 2011 WL 4011429, at *7 (N.D. Tex. Sept. 9, 2011) (motion granted where plaintiff neither alleged that he "entered any contract with Defendants" nor that "he [was] an intended beneficiary of the agreement," *i.e.,* to support third party beneficiary liability), *aff'd,* 500 F. App'x 265 (5th Cir. 2012); *Kapsis v. American Home Mortg. Serv., Inc.*, 923 F. Supp. 2d 430, 450-51 (E.D.N.Y. 2013) (motion to dismiss granted where plaintiff neither alleged that the defendant "was in privity of contract with plaintiff" nor that the defendant "was acting as the agent for one who was in privity," *i.e,.* to support liability under agency principles); *Petty v. Countrywide Home Loans, Inc.,* No. CIV.A. 3:12-6677, 2013 WL 1837932, at *9-10 (S.D.W. Va. May 1, 2013) (motion granted where plaintiff neither alleged that defendant was "a party to the Deed of Trust" nor that it was "the current holder of the loan").

For these reasons, I grant the motion to dismiss Mr. Slavin's breach of contract claim against USAA Casualty and Garrison Association.

## B. Bad Faith Claims

I turn now to Mr. Slavin's bad faith claims. "[I]n the typical insurance case, only the insurer owes the duty of good faith to its insured." *Cary v. United of Omaha Life Ins. Co.*, 68 P.3d 462, 466 (Colo. 2003), *as modified on denial of reh'g* (May 19, 2003). "When the actions of a defendant are similar enough to those typically performed by an insurance company in claim administration and disposition," however, the Colorado Supreme Court has "found the existence of a special relationship sufficient for imposition of a duty of good faith and tort liability for its breach—even when there is no contractual privity between the defendant and the plaintiff." *Id.* Similarly, it appears a statutory bad faith claim (under Colo. Rev. Stat. §§ 10-3-1115, -1116) can lie against a party other than the insurer in the same circumstances. *See Riccatone v. Colorado Choice Health Plans*, 315 P.3d 203, 210 (Colo. App. 2013).

The problem for Mr. Slavin is that he does not make any allegations in his complaint suggesting a special relationship existed between him and USAA Casualty or Garrison Association. He frames all of his bad faith allegations in terms of what "Defendants" did or did not do. *See, e.g.,* Am. Compl. ¶ 25 [Doc. # 9] ("Defendants have engaged in inappropriate, unprofessional and deceptive conduct from the very beginning."); *id.* ¶ 76 ("Defendants have repeatedly failed to acknowledge or act promptly to communicate with Mr. Slavin and his counsel . . . ."). While it is clear he has sufficiently pled a bad faith claim against his insurer, Garrison Company, his allegations offer no clue as to his basis for suing the other defendants. *See Nunn v. St. Paul Travelers*, No. CIVA05CV01246WDM, 2006 WL 827403, at *2 (D. Colo.

Mar. 28, 2006) (concluding in ruling on remand motion that "it is completely certain" that the plaintiff could not recover from non-insurer defendant on common law bad faith claim where plaintiff's allegations did not establish that case was "the type of special case that warrants an exception to the privity rule"); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (reversing denial of motion to dismiss civil rights claims where complaint used "the collective term 'Defendants,'" with "no distinction as to what acts are attributable to whom," which made it "impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed").  Therefore, I also dismiss Mr. Slavin's bad faith claims against USAA Casualty and Garrison Association.

### IV.  Conclusion

For the foregoing reasons, it is hereby **ORDERED** that Defendants' Motion to Dismiss USAA Casualty Insurance Company and Garrison Property and Casualty Association [Doc. # 22] is **GRANTED.**  Mr. Slavin's claims against USAA Casualty Insurance Company and Garrison Property and Casualty Association are **DISMISSED**.

DATED: February   6  , 2015.

BY THE COURT:

 s/Lewis T. Babcock 
LEWIS T. BABCOCK, JUDGE